IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 11 AM 11: 26

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | Cv. No. 05-2137-Ml/P |
| | X | Cr. No. 03-20173-Ml |
| DENNIS J. DAVIS, | X | |
| | X | |
| Defendant. | X | |
| | X | |

ORDER DENYING MOTION FOR RELEASE PENDING RESOLUTION OF
MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Defendant Dennis J. Davis, an inmate at the Federal Prison Camp (FPC), in Pollock, Louisiana, has filed a motion pursuant to 28 U.S.C. § 2255 seeking to set aside his conviction for violating 18 U.S.C. § 922(g).  On July 20, 2005, Davis filed a motion for release on his own recognizance which this court construes as a motion seeking his release from custody pending the resolution of his § 2255 motion.

This Court is authorized to order the release of prisoners, in appropriate circumstances, pending resolution of their habeas petitions.  Fed. R. App. P. 23(b).  "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special



treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (quoting Aronson v. May, 85 S. Ct. 3 (1964) (Douglas, J., in chambers)).   The Sixth Circuit further observed that "[t]here will be few occasions where a prisoner will meet this standard." Id.

Release of the defendant pending resolution of his § 2255 motion is not warranted in this case.   Release of a convicted prisoner pending resolution of a § 2255 motion is available only in extraordinary cases, and the defendant has not alleged any circumstances that justify treating him differently from any of the other prisoners who believe they may have meritorious claims. See United States v. Mett, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994) ("Special circumstances include 'a serious deterioration of health while incarcerated, and unusual delay in the appeal process.'") (citation omitted).   Accordingly, the Court DENIES defendant's motion for release pending resolution of his § 2255 motion.

A decision denying release on bail pending resolution of a § 2255 motion is an appealable order. Dotson, 900 F.2d at 77-79.   It is therefore necessary to consider whether defendant should be allowed to appeal this decision in forma pauperis.   Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962).   In this case, the defendant has not set forth any facts distinguishing his situation

2

from that of the vast majority of prisoners who are incarcerated pending decisions on their § 2255 motions. The same considerations that lead the court to deny this motion also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by defendant is not taken in good faith and defendant may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if defendant appeals the denial of bail.[1] The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the defendant is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

---

[1]     The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

The Clerk shall provide a copy of the motion in this cause and this order to the United States Attorney for the Western District of Tennessee.

IT IS SO ORDERED this ___11___ day of ~~Oct.~~, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in
 case 2:05-CV-02137 was distributed by fax, mail, or direct printing on
October 11, 2005 to the parties listed.

---

Dennis J. Davis
FPC- POLLOCK
19097-076
P.O. Box 2099
Pollock, LA 71467--209

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT